IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

KENNETH SEARCY )
)
v. ) NO. 3:07-0361
)
BRIAN GARDNER, et al. )

TO: Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

By Order entered April 4, 2007 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge for pretrial proceedings under 28 U.S.C. § 636, Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the defendants' motion to dismiss and for summary judgment (Docket Entry No. 22), to which the plaintiff has not filed a response.[1]

For the reasons set out below, the Court recommends that the motion be granted and that this action be dismissed.

[1] By Order entered July 16, 2007 (Docket Entry No. 26), the plaintiff was notified of the motion and the need to respond. Upon the plaintiff's filing of a change of address notice (Docket Entry No. 27), the Order was resent to the plaintiff at the new address he provided.

By Order entered August 6, 2007 (Docket Entry No. 31), the Court granted the plaintiff's request for an extension of time to respond and gave the plaintiff until September 5, 2007, to respond.

## I. BACKGROUND

The plaintiff filed this action pro se and in forma pauperis on April 4, 2007. At the time, he was an inmate confined at the Davidson County Criminal Justice Center ("CJC"). He has subsequently been released from incarceration. See Docket Entry No. 29.

The action is brought under 42 U.S.C. § 1983 against fourteen former or current employees of the CJC or of Corrections Corporation of America, Inc. ("CCA"), a private business which has contracted to administer and operate the CJC: Brian Gardner, O'Clyde Davis, Virgil Ensey, Audrey Fellingham, John Ferguson, Steven Garner, Joshua Hemshire, Joshua Hildagoss, Darrell Jones, Melanie Langford, Tarianna Pierce, Felipe Rodriguez, Dennis Smith, and Jerry Wardlow.[2] The plaintiff seeks compensatory and punitive damages for alleged violations of his constitutional rights.

The plaintiff's complaint is based upon events that occurred when he was being housed in administrative maximum security segregation at the CJC from August 2006 to February 2007. He raises four claims:

1. the inmates in segregation were not treated equally and CJC officials showed favoritism to some inmates, particularly those inmates who broke rules, created disturbances, and were difficult to control;

2. one defendant, Tarianna Pierce, used a racial epithet on one occasion when the plaintiff complained about the favoritism being shown to some inmates;

3. the failure of CJC officials to enforce the rules in the segregation unit and their favoritism toward unruly inmates created safety risks at the CJC; and

4. the plaintiff was not given a special food tray at the end of the Ramadan Islamic holiday when food trays were given to non-Muslim and other favorite inmates.

[2] The defendants' names are spelled as noted in the motion to dismiss rather than in the plaintiff's complaint.

Each of the defendants was served with process. In lieu of an answer, the defendants filed the pending dispositive motion.

## II. MOTION TO DISMISS AND FOR SUMMARY JUDGMENT

By their motion to dismiss, the defendants contend that the plaintiff did not exhaust his administrative remedies as required under 42 U.S.C. § 1997e(a) prior to filing his lawsuit, fails to raise cognizable claims of constitutional deprivations in his complaint, does not show that he suffered a physical injury as required under 42 U.S.C. § 1997e(a) for claims seeking emotional or mental damages, and fails to make any factual allegations against defendant Dennis Smith despite naming him as a defendant.

The Plaintiff has not responded to the defendants' motion despite being given an extension of time to respond. See Docket Entry No. 31.

## III. STANDARD OF REVIEW

In considering a motion for summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." In order to prevail on a motion for summary judgment, the moving party must demonstrate that no genuine issue of material fact exists and that judgment as a matter of law should be granted in the moving party's favor. Smith v. Hudson, 600 F.2d 60, 63 (6th Cir. 1979).

The Court must view all facts and inferences to be drawn therefrom in the light most favorable to the non-moving party. SEC v. Blavin, 760 F.2d 706 (6th Cir. 1985). The non-moving party,

however, may not merely rest on conclusory allegations contained in the complaint, but must respond with affirmative evidence supporting his claims and establishing the existence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Cloverdale Equipment Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989).

Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving party. Id. at 248. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 288-89, 88 S.Ct. 1575, 20 L.Ed. 2d 569 (1968).

## IV. CONCLUSIONS

A. Exhaustion

This action warrants dismissal in its entirety because the plaintiff has failed to show that he satisfied the exhaustion requirement of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997. The PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). A prisoner is required to exhaust all available administrative remedies before filing a lawsuit under 42 U.S.C. § 1983 in the district court. Booth v. Churner, 532 U.S. 731, 733, 121

S.Ct. 1819, 149 L.Ed.2d 958 (2001); Brown v. Toombs, 139 F.3d 1102, 1103-04 (6th Cir. 1998). The exhaustion requirement of Section 1997e(a) is mandatory, Jones v. Bock, _ U.S. _, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), and "prisoners must exhaust [available] grievance procedures before filing suit in federal court even though the ... remedy sought is not an available remedy in the administrative process." Wyatt v. Leonard, 193 F.3d 876, 877-78 (6th Cir. 1999).

Failure to exhaust is an affirmative defense that must be raised by the defendants. Jones, supra. Once raised by the defendants, the plaintiff must set forth evidence to show that he has complied with the requirements of exhaustion. To establish that he has exhausted his administrative remedies, the plaintiff must show that he presented his grievance(s) "through one complete round" of the established grievance process. Thomas v. Woolum, 337 F.3d 720, 733 (6th Cir. 2003). A prisoner does not exhaust available administrative remedies when he files a grievance but "d[oes] not appeal the denial of that complaint to the highest possible administrative level." Wright v. Morris, 111 F.3d 414, 417 n.3 (6th Cir. 1997), cert. denied, 522 U.S. 906, 118 S.Ct. 263, 139 L.Ed.2d 190 (1997). See also Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999). Neither may a prisoner abandon the process before completion and then claim that he exhausted his remedies or that it is now futile for him to do so. See Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999)(citing Wright, 111 F.3d at 417 n.3).

The defendants have shown that plaintiff failed to fully exhaust his administrative remedies because he failed to pursue any of his grievances past the initial stage. See Defendants Memorandum in Support (Docket Entry No. 23) at 2-5. The plaintiff has not rebutted this showing and has not set forth evidence explaining this failure and showing that he has, in fact, complied with the requirement of exhaustion.

B. Merits of The Plaintiff's Claims

Even if the plaintiff had satisfied the exhaustion requirement, summary judgment should be granted to all defendants in this action. The plaintiff has not supported the allegations of his complaint with any evidence raising a genuine issue of material fact, and the lack of a response to the defendants' motion indicates that he has lost interest in the action. No reasonable jury could find in his favor because he has not shown facts supporting a claim that his constitutional rights were violated by the defendants.

The plaintiff's allegations of unfair treatment at the hand of prison officials and of favoritism shown toward some inmates in administrative segregation by prison officials do not raise issues of constitutional concern. The Equal Protection Clause of the Fourteenth Amendment does not require the exact same treatment of all persons nor prevent government officials from exercising discretionary authority which results in differing treatment. A prison inmate cannot support a claim that his equal protection rights were violated simply by showing that other inmates were treated differently. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001); Newell v. Brown, 981 F.2d 880, 887 (6th Cir. 1992). He must establish that a government official intentionally discriminated against him because of his membership in a protected class. See Henry v. Metropolitan Sewer Dist., 922 F.2d 332, 341 (6th Cir. 1990). The plaintiff fails to set forth any evidence satisfying this standard.

The plaintiff's allegation that defendant Pierce used a racial epithet in his presence likewise fails to rise to the level of constitutional concern. A claim under 42 U.S.C. § 1983 cannot be based on mere threats, abusive language, racial slurs, or verbal harassment by prison officials. See Paul v. Davis, 424 U.S. 693, 700-01, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); Ivey v. Wilson, 832 F.2d 950, 955 (6th Cir. 1987); Vasquez v. City of Hamtramck, 757 F.2d 771, 773 (6th Cir. 1985); Rahman v. Stephenson, 602 F. Supp. 886, 888 (W.D. Tenn. 1986).

The plaintiff's third claim is that the actions of prison officials created a risk to the safety of inmates in administrative segregation. This claim is based only upon his belief that prison officials were not managing his unit correctly and not upon an actual risk to his personal safety from a known threat of which prison officials were aware yet ignored. In order to support a constitutional claim, the plaintiff must show that the defendants were deliberately indifferent "to a substantial risk of serious harm" to him. Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004). The plaintiff has not done this and his general concerns about prison safety will not support a claim under Section 1983. See Gant v. Campbell, 4 F. App'x 254, 256, 2001 WL 132337 (6th Cir. Feb. 6, 2001) (unpublished) (noting that plaintiff "expressed a general concern" about his safety but did not "identify any particular gang members whom he feared"). Further, a claim under Section 1983 is not supported by allegations that CJC regulations or rules were not followed. See Black v. Parke, 4 F.3d 442, 447 (6th Cir. 1993).

The plaintiff's final claim is that he was not given a special food tray on the final day of an Islamic religious holiday of Ramadan. While it is true that prison inmates do not lose their right to exercise their religion by virtue of incarceration, Turner v. Safley, 482 U.S. 78, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987), "the circumstances of prison life may require some restriction on prisoners' exercise of their religious beliefs." Walker v. Mintzes, 771 F.2d 920, 929 (6th Cir. 1985). Furthermore, evidence of negligence or of de minimis infringements fail to rise to the level required for a constitutional claim. See Mabon v. Campbell, 2000 WL 145177 (6th Cir. Feb 1, 2000) (unpublished) (claim of a delayed breakfast for prisoner during Ramadan does not rise to the level of constitutional violation); Stoner v. Jett, 1991 WL 138439 (6th Cir. July 29, 1991) (unpublished) (claim based upon single instance of pork being served on supposedly pork-free food tray shows nothing more than negligence which does not rise to a level showing a first amendment violation). The plaintiff has

not alleged that a jail-wide policy existed of not providing religious meal trays to inmates at the CJC or that he was purposefully not provided with the religious meal tray. At best, his allegation sets forth a claim of negligence, which is not actionable under Section 1983.

**R E C O M M E N D A T I O N**

Based on the foregoing, the Court respectfully RECOMMENDS that the defendants' motion to dismiss and for summary judgment (Docket Entry No. 22) be GRANTED and that this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of receipt of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge